IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kurt Kalani Sparks, #763, | Civil Action No. 6:10-2026-JMC-KFM |
| Plaintiff, | |
| vs. | **REPORT OF MAGISTRATE JUDGE** |
| Terry Wilfong, Greenville Police Chief, et al., | |
| Defendants. | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

At the time he filed this action in August 2010, the plaintiff was a pretrial detainee at the Greenville County Detention Center. By order of this court filed August 10, 2010 (doc. 8), the plaintiff was advised to notify the Clerk of Court in writing of any change of address. On that same date, a notice of change of address (doc. 11) was docketed for the plaintiff indicating that he had been moved to the Newberry County Detention Center.

On September 3, 2010, defendant Wilfong filed a motion to dismiss. By order filed the same date pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. He failed to file a response.

On October 11, 2010, defendants Bodiford, Dorriety, and Kernell filed a joint motion for summary judgment. By *Roseboro* order filed October 12, 2010, the plaintiff was again advised of the summary dismissal procedure and given through November 15, 2010,

to respond to the motion for summary judgment (doc. 30) filed by defendants Bodiford, Dorriety and Kernell. The envelope containing the *Roseboro* order was returned to the Clerk on October 18, 2010, marked "Not at this facility." The plaintiff has had no further contact with the Court.

A search of the databases for the Greenville County Detention Center, Newberry County Detention Center, South Carolina Department of Corrections, and Bureau of Prisons failed to reveal any information regarding the plaintiff's whereabouts.

In the order filed August 10, 2010, the plaintiff was specifically advised as follows:

> You are ordered to always keep the Clerk of Court advised **in writing (300 East Washington Street — Suite 239, Greenville, South Carolina 29601)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

As the plaintiff has missed two response deadlines and has failed to communicate with the Court since August, it appears he no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

                                                s/Kevin F. McDonald
                                                United States Magistrate Judge

November 18, 2010
Greenville, South Carolina